*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MEYER SAFDIEH, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 13-00343 (FLW) |
| | : | |
| vs. | : | |
| | : | **OPINION** |
| AFNI, INC., | : | |
| | : | |
| Defendants. | : | |

**WOLFSON, United States District Judge**:

    This action arises out of Defendant AFNI, Inc.'s ("Defendant" or "AFNI") attempts to collect a consumer debt from Plaintiff Meyer Safdieh ("Plaintiff"). Plaintiff alleges that AFNI violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, when it engaged in abusive and harassing tactics when collecting a debt. In the instant matter, Defendant seeks to dismiss Plaintiff's Complaint. For the reasons that follow, the Court grants Defendant's motion.

BACKGROUND

    On an unspecified date, Defendant initiated communications with Plaintiff in an attempt to collect an alleged consumer debt. *See* Compl., ¶ 9. On or about October 11, 2012, Plaintiff called AFNI on the telephone to verbally dispute such obligation.[1] *Id.* at ¶ 10. During this phone

---

[1] Importantly, Plaintiff does not allege that he had notified Defendant in writing that the debt was in dispute. Because Plaintiff only verbally disputed his debt, under the FDCPA, Defendant had no obligations to cease collection activities, including engaging in further conversations with Plaintiff on the telephone. Indeed, Plaintiff concedes this fact. See Pl. Opp. Brief, p. 4.

call, Defendant notified Plaintiff that the obligation was on his credit report. *Id.* at ¶ 11. Further, the representative of AFNI informed Plaintiff that the satisfaction of the obligation would improve Plaintiff's credit report. *Id.* at ¶ 16. After this phone conversation, Defendant continued to engage in collection activities directed toward Plaintiff. *Id.*

On or about December 19, 2012, Plaintiff filed the instant Complaint, alleging that, by stating to Plaintiff that satisfying the obligation would improve his credit, Defendant essentially "blackmailed" Plaintiff into paying the debt, and such tactic is unconscionable and unfair in violation of § 1692f. *Id.* at ¶ 14. The Complaint also alleges that, by continuously asserting that the satisfaction of the alleged debt would improve Plaintiff's credit report, Defendant's collection activities amounted to harassment in violation of § 1692d. *Id.* at ¶ 16.

Defendant now moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

## DISCUSSION

### I. Standard of Review

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings. The movant under Rule 12(c) must show clearly that no material issue of fact exists and that it is entitled to judgment as a matter of law. *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (citing *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)). A motion under Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *Turbe v. Gov't of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2). While a

court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## II. FDCPA

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e). The FDCPA creates a private cause of action against debt collectors who violate its provisions. *Brown v. Card Service Center*, 464 F.3d 450, 453 (3d Cir. 2006) (citing 15 U.S.C. §1692k)

In determining whether a communication from a debt collector violates the FDCPA, a court must analyze the debt collector's statements from the perspective of the "least sophisticated debtor," *id.* at 454; *Campuzano-Burgos v. Midland Credit Mgmy.*, 550 F.3d 294, 301 (3d Cir. 2008), in order to protect "all consumers, the gullible as well as the shrewd." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown*, 464 F.3d at 454). Although the "least sophisticated consumer" standard is low, it nonetheless "prevents liability for bizarre or idiosyncratic interpretation of collection notices by preserving a quotient of reasonableness

and presuming a basic level of understanding and willingness to read with care." *Rosenau*, 539 F.3d at 221 (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 355 (3d Cir. 2000)).

Here, at the outset, the parties agree that Plaintiff is a consumer-debtor, that Defendant is a debt collector, and thus, the relevant provisions of the FDCPA governs the dispute in this case. I will address the specific sections under which Plaintiff brings his FDCPA claims.

### 1. *Section 1692f*

Under section 1692f, a debt collector is prohibited from using unfair or unconscionable means to collect a debt. *See Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011). The subsections of 15 U.S.C. §1692f are a non-exhaustive list of examples of the types of conduct prohibited by the FDCPA:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
(2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.
(3) The solicitation by a debt collector or any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.
(4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.
(5) Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.
(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if –
    (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
    (B) there is no present intention to take possession of the property; or
    (C) the property is exempt by law from such dispossession or disablement.
(7) Communicating with a consumer regarding a debt by post card.
(8) Using any language or symbol, other than the debt collector's address, or any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. § 1682f.

Without pointing to these specific provisions, Plaintiff maintains that Defendant's use of the statement – i.e., "satisfaction of the alleged debt would be better for Plaintiff's credit report" -- amounts to an unfair and unconscionable collection practice. *See* Compl. ¶ 14. This type of conduct, however, falls well outside the purview of § 1692f. Even from the perspective of the least sophisticated debtor, Defendant's statement – which is arguably a true statement -- would most likely be perceived as a statement regarding the consequence of satisfying Plaintiff's debt. Such a statement, alone, cannot be viewed as oppressive. *See Sparks v. Phillips & Cohen Assoc., Ltd.*, 641 F.Supp.2d 1234 (S.D. Ala. 2008) (stating that an accurate statement of available remedies under Alabama law is not a violation of § 1692f); *see also Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996) (finding no violation of § 1692f because the communication was "relatively innocuous, and not unconscionable in either a legal or lay sense"); *Adams v. Law Offices of Stuckert & Yates*, 926 F.Supp. 521, 528 (E.D. Pa. 1996) (finding no violation of §1692f where the letter did not manifest "patent unfairness" or "reflect an abuse of [the collection agency's] superior economic position and level of sophistication, the hallmark of unconscionability").

Furthermore, the Complaint is devoid of any other allegations as to how Defendant's use of such a statement was unfair or unconsicionable. *See Cox v. Hilco Receivables, L.L.C.*, 726 F.Supp.2d 659 (N.D. Tex. 2010). Without further allegations, Plaintiff's allegation is merely a legal conclusion that this Court is not required to accept. *Morse*, 132 F.3d at 906. Tellingly, Plaintiff has not cited any authority to support its claim that Defendant's alleged conduct in this context violates the FDCPA. Thus, the Court finds that Plaintiff has failed to state a claim for relief under § 1692f.

  **2.** *Section 1692d*

Section 1692d prohibits a debt collector from harassing, oppressing, or abusing any person in connection with the collection of a debt. *See* 15 U.S.C. § 1692d. Similar to § 1692f, §1692d also lists the types of conduct that would amount to a violation of that section:

(1) The use of threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
(3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 603(f) or 604(3) of this Act.
(4) The advertisement for sale of any debt to coerce payment of the debt.
(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
(6) Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d.

Indeed, this provision is designed to cover only oppressive and outrageous conduct. *Bieber v. Associated Collection Serv., Inc.*, 631 F.Supp. 1410, 1417 (D. Kan. 1986); *see, e.g., Cirkot v. Diversified Fin. Sys.*, 839 F.Supp. 941 (D.C. Conn. 1993) (finding a violation of § 1692d when a collection agency's note to a debtor indicated, "my special agents will remain in your area to collect. Believe me."); *Rutyna v. Collection Accounts Terminal, Inc.*, 478 F.Supp. 980 (N.D. Ill. 1979) (finding a violation of § 1692d when a debt collector proclaimed: "[o]ur field investigator has now been instructed to make investigation in your neighborhood and to personally call on your employer" and "the immediate payment of full amount, or personal visit to this office, will spare you this embarrassment"). Thus, § 1692d is not intended to shield recipients of debt collection activities from the inconvenience and embarrassment that are natural consequences of debt collection. *Id.* In that regard, § 1692d does not preclude non-abusive

statements designed to encourage voluntary payment. *Beattie v. D.M. Collections, Inc.*, 754 F.Supp. 383, 394 (D. Del. 1991).

Ordinarily, whether a particular conduct can be perceived as harassment, oppression, or abuse will be a question for the jury. *Jeter v. Credit Bureau*, 760 F.2d 1168, 1179 (11th Cir. 1985). However, if the conduct of a debt collector, as alleged, cannot, as a matter of law, amount to harassment or abuse, a court may dismiss the claim. *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 330 (6th Cir. 2006). In this case, Plaintiff insists that Defendant's attempts to coerce or blackmail Plaintiff into paying the alleged debt -- by stating that satisfaction would improve Plaintiff's credit report -- amounted to harassment. *See* Compl. ¶ 16. Based on these allegations, the Court cannot conclude, as a matter of law, that Defendant's use of such a statement – which was factual in nature – may constitute harassment or abuse. Indeed, Plaintiff has not alleged that Defendant engaged in persistent and continuing demand of payment accompanied by increasingly harsh threats, or that Defendant was abusive and insulting during the phone call at issue. In fact, Defendant's statement simply advised Plaintiff a general fact in connection with the alleged debt, and manner in which the statement was used has not been alleged by Plaintiff as abusive. Accordingly, the Court finds that such a non-abusive statement designed to encourage voluntary payment is not prohibited by § 1692d, and therefore, this claim is dismissed, as well.

## CONCLUSION

For the foregoing reasons, Defendant's motion for judgment on the pleadings is granted.

DATE: July 18, 2013              /s/        Freda L. Wolfson
                                 Freda L. Wolfson
                                 United States District Judge